

**SO ORDERED.**

**SIGNED this 08 day of June, 2007.**

```
                            _____
                                 JAMES D. WALKER, JR.
                            UNITED STATES BANKRUPTCY JUDGE
```
_____


UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 06-50035-JDW |
| MARRAY AUTOMOTIVE, LLC, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| JACK SMITH, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 06-5026 |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| MARRAY AUTOMOTIVE, LLC and | ) | |
| RAY MILLER, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Plaintiff:      Kevin A. Wangerin
                    Post Office Box 18107
                    Macon, Georgia 31209

                    Danny L. Akin
                    Post Office Box 1773
                    Macon, Georgia 31202

For Defendants:     Charlotte B. Perrell
                    3023 Maple Drive
                    Atlanta, Georgia 30305

                    Frank B. Wilensky
                    285 Peachtree Center Avenue, N.E.
                    Suite 600, Marquis Two Tower
                    Atlanta, Georgia 30303

                    Mark V. Spix
                    3975 Roswell Road
                    Atlanta, Georgia 30342

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's complaint for breach of contract and Defendant Ray Miller's motion for summary judgment. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Undisputed Facts**

Plaintiff Jack Smith initially filed a complaint on September 13, 2005, in the Superior Court of Monroe County, Georgia, against Defendants Marray Automotive, LLC and Ray Miller. After Marray Automotive filed a bankruptcy petition, it removed the complaint to this Court.

The Court held a status hearing on June 7, 2006. At that time, the parties consented to jurisdiction in this Court and agreed to seek a jury trial, if appropriate. In addition, Plaintiff agreed to file a re-cast complaint to clarify the issues, which he did on September 5, 2006. Defendant Ray Miller answered the re-cast complaint and, on May 20, 2007, filed a motion for summary judgment.[1]

Neither Defendant Ray Miller nor Plaintiff filed a statement of undisputed facts. However, they jointly filed a consolidated pretrial order in which they stipulated (1) Debtor Marray Automotive is a Georgia limited liability company; (2) Defendant is the sole member of Debtor; (3) Debtor undertook to operate a Ford dealership; and (4) Plaintiff acted as general

---

[1] The other defendant in this case, Marray Automotive, is not a party to the summary judgment motion. For clarity, the Court will refer to Marray Automotive as Debtor and to Ray Miller as Defendant.

3

manager for the Ford dealership.

However, the parties disagree about whether they entered into an agreement that would expose Defendant to liability for breach of contract. In response to Defendant's motion for summary judgment, Plaintiff submitted a copy of the alleged contract along with an affidavit explaining the terms of the agreement. The contract is dated July 27-Aug 10 (no year provided), handwritten in two different inks, and signed by both parties. It provides as follows:

> Lexus 300 SUV
> GMC ex-cab truck (44K)
> 37,500 Income I did not receive for the 1st 75 days of employment[.]
> 10,000 Approx Expenses w/ receipts[.]
>
> 10 days to sell Ford dealership to qualified buyer for $750,000[.]
>
> If Smith unable to buy dealership Miller to pay Smith approx 93K and Smith will waive all rights as minority partner[.]
>
> No disruption or [illegible] of used vehicles will occur during the next 10 days. No management changes during this 10 day period.
>
> Smith agrees to buy Body Shop and existing vehicles for one hundred ninety thousand and assume all equipment leases. Vehicles to be purchased at cost to dealership.

Plaintiff's ex. B.

Defendant argues the document is not a contract, but instead is merely of list of talking points for a proposed contract. Plaintiff, on the other hand, contends it is a contract that entitles him to payment of $93,000 from Defendant. For the reasons that follow, the Court will deny Defendant's motion for summary judgment.

## Conclusions of Law

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056. Under Rule 56, a party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); McCaleb v. A.O. Smith Corp., 200 F.3d 747, 750 (11th Cir. 2000). Furthermore, Local Rule 7056-1(a) provides, "the movant shall file a separate, short, and concise statement of the uncontested facts as to which the movant contends there is no genuine issue to be tried, including specific reference to those parts of the pleadings, depositions, answers to interrogatories, admissions, and affidavits that support such contention." The movant's failure to do so may result in denial of the motion. Local Rule 7056-1(d).

In this case, Defendant filed a motion for summary judgment and a brief in support of his motion, but he filed no statement of uncontested facts. Based on this omission alone, the Court may deny summary judgment. However, even if the Court overlooks the deficiency, the parties' filings show a dispute of material fact.

The essential elements of a contract under Georgia law include, "parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1 (1982). In this case, the facts establishing mutual assent to contract are in dispute. In such circumstances, summary judgment is inappropriate and the Court must deny Defendant's motion.

An Order in accordance with this Opinion will be entered on this date.


END OF DOCUMENT